James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF NEW YORK MELLON, et al., | Case No. 2:16-CV-1962 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| MONACO LANDSCAPE MAINTENANCE ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of New York Mellon's ("BNYM") motion for summary judgment. (ECF No. 39). Defendants Monaco Landscape Maintenance Association, Inc. ("the HOA") and SFR Investments Pool 1, LLC ("SFR") filed responses (ECF Nos. 45, 50), to which plaintiff replied (ECF No. 52).

Also before the court is defendant HOA's motion for summary judgment. (ECF No. 40). Plaintiff and defendant SFR filed responses (ECF Nos. 47, 51), to which the HOA replied (ECF No. 53).

Also before the court is defendant SFR's motion for partial summary judgment. (ECF No. 41). Plaintiff filed a response (ECF No. 48), to which SFR replied (ECF No. 54).

Also before the court is defendant SFR's motion for summary judgment. (ECF No. 43). Defendant HOA and plaintiff filed responses (ECF Nos. 46, 49), to which SFR replied (ECF No. 55).

**I.      Facts**

This case involves a dispute over real property located at 8445 Regal Hills Court, Las Vegas, Nevada, 89117 (the "property"). On December 13, 2005, cross-defendant Kevin Ha

obtained a loan in the amount of $266,400 from non-party Direct Mortgage, Inc. ("Direct Mortgage") to purchase the property. (ECF No. 39-1). Ha signed a deed of trust at closing in 2005. The deed of trust was a Fannie Mae/Freddie Mac uniform deed of trust for California, which designated Mortgage Electronic Registration Systems ("MERS") as the beneficiary. (ECF No. 39-3). In 2006, Ha signed a new Fannie Mae/Freddie Mac uniform deed of trust for Nevada, which also designated MERS as the beneficiary, related to the 2005 loan. The second deed of trust was recorded on October 10, 2006. (ECF No. 43-4 at 21–42).

On October 27, 2008, non-party Red Rock Financial Services ("RRFS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, listing an amount due of $772.42. (ECF No. 43-5). On December 10, 2008, RRFS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,749.36. (ECF No. 43-6).

On April 5, 2010, after the HOA recorded its notice of default, non-party Bank of America, N.A. ("BOA"), the servicer of the loan at the time, remitted a $2,636.42 payment to the HOA, which fully satisfied the amount due at the time of payment. (ECF No. 43-9).

On November 1, 2010, RRFS, acting on behalf of the HOA, recorded a second notice of delinquent assessment lien, stating an amount due of $605.50. (ECF No. 39-7).

On February 18, 2010, MERS assigned the 2006 deed of trust to plaintiff. (ECF No. 39-4). Plaintiff's current loan servicer, Nationstar Mortgage LLC ("Nationstar"), maintains physical possession of the original note, which is endorsed "in blank." (ECF No. 39-2 at 12–13).

RRFS and the HOA obtained a trustee's sale guarantee, effective December 17, 2010. The guarantee listed the 2005 deed of trust as an existing encumbrance but not the 2006 deed of trust. (ECF No. 39-9 at 37–41). On December 17, 2010, RRFS, acting on behalf of the HOA, recorded a second notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $1,574.50. (ECF No. 39-8). RRFS mailed the default notice to Direct Mortgage. (ECF Nos. 39-9, 39-10). RRFS did not mail the notice to BNYM. (ECF No. 39-9 at 43–48). RRFS's records demonstrate that Direct Mortgage never received this notice. (ECF No. 39-9 at 42).

James C. Mahan
U.S. District Judge

- 2 -

On January 7, 2013, MERS recorded a full reconveyance and substitution of trustee to reconvey MERS's interest in the 2005 deed of trust to ReconTrust.[1] (ECF No. 39-6).

On April 12, 2013, RRFS recorded a notice of trustee's sale, stating an amount due of $3,214.81 and an anticipated sale date of May 9, 2013. (ECF No. 39-11).

RRFS and the HOA obtained a date down endorsement on their trustee's sale guarantee, which became effective on May 2, 2013. (ECF No. 39-9 at 8–9). The endorsement states the March 2010 substitution of trustee and reconveyance had been "corrected to show [the] correct deed of trust," which "is why [the 2006] deed of trust . . . was not shown on [the trustee's sale guarantee]." (ECF No. 39-9 at 8). The endorsement specifically references the assignment of the 2006 deed of trust to BNYM and states "Mail to: The Bank of New York Mellon, trustee c/o BAC Home Loans Servicing, LP, 400 Countrywide Way SV-35, Simi Valley, CA 93065." (ECF No. 39-9 at 8–9). RRFS and the HOA did not mail the date down endorsement or the notice of foreclosure sale to BNYM. Instead, they mailed the notice of sale to Direct Mortgage. (ECF No. 39-9 at 10–19). RRFS's records demonstrate that Direct Mortgage never received this notice. (ECF No. 39-9 at 3–7).

On May 9, 2013 SFR purchased the property at the foreclosure sale for $20,000. (ECF No. 43-21). A foreclosure deed in favor of SFR was recorded on May 22, 2013. *Id.*

On August 17, 2016, BNYM filed the underlying complaint, alleging four causes of action: quiet title against all defendants; breach of NRS 116.1113 against the HOA; wrongful foreclosure against the HOA; and injunctive relief against SFR. (ECF No. 1). On July 9, 2016, Nationstar, BNYM's current loan servicer, and the HOA mediated the dispute pursuant to NRS 38.310. (ECF No. 39-15). The parties did not reach an agreement. *Id.*

In the instant motions, BNYM, the HOA and SFR move for summary judgment in their favor. (ECF Nos. 39, 40, 41, 43).

---

[1] In March of 2010, MERS executed a substitution of trustee and full reconveyance purportedly substituting ReconTrust as trustee under the 2006 deed of trust. (ECF No. 39-5). This filing was in error, as MERS no longer had a beneficial interest in the 2006 deed of trust. (ECF No. 39-2, 39-3, 39-4). The January 7, 2013, reconveyance filing corrected the error.

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith*

- 4 -

*Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

As an initial matter, the court takes judicial notice of the following recorded documents: the first deed of trust (ECF No. 43-4 at 21–42); the November 1, 2010, notice of delinquent assessment (ECF No. 43-12); the December 17, 2010, notice of default and election to sell (ECF No. 43-13); the April 12, 2013, notice of trustee's sale (ECF No. 43-15); the trustee's deed upon sale (ECF No. 43-21); and the assignment of the 2006 deed of trust in favor of plaintiff (ECF No. 38-4). *See, e.g.*, *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011) (holding that a court may take judicial notice of public records if the facts noticed are not subject to reasonable dispute); *Intri-Plex Tech., Inv. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. "A plea to quiet title does not require

any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citations and internal quotation marks omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Plaintiff raises the following grounds in support of its motion for summary judgment and against defendants' motions: the constitutionality of NRS 116.3116 and the Ninth Circuit decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*"); lack of actual notice; commercial reasonability under *Shadow Wood*; and retroactivity of *SFR*. (ECF Nos. 39, 47, 48, 49, 52). The court need only address plaintiff's due process argument, as the facts presented here demonstrate that the foreclosure sale violated plaintiff's due process rights.

Plaintiff argues that NRS Chapter 116 is unconstitutional under *Bourne Valley*, wherein the Ninth Circuit held that the HOA opt-in notice scheme is facially unconstitutional. (ECF No. 39 at 7–8). Plaintiff further contends that it never received actual notice of the foreclosure sale, which violated its due process rights under *Bourne Valley*. *Id.* at 9–11.

The Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

"A first deed of trust holder only has a constitutional grievance if he in fact did not receive reasonable notice of the sale at which his property rights was extinguished." *Wells Fargo Bank, N.A. v. Sky Vista Homeowners Ass'n*, No. 3:15-CV-00390-RCJ-VPC, 2017 WL 1364583, at *4 (D. Nev. Apr. 13, 2017). To state a procedural due process claim, a claimant must allege "(1) a

deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998).

Here, plaintiff offers evidence that neither RRFS nor the HOA mailed BNYM or Nationstar proper notice of the foreclosure proceedings. (ECF Nos. 39-9, 39-10). RRFS's records demonstrate that it attempted to mail notices related to the foreclosure proceedings to Direct Mortgage. (ECF Nos. 39-9 at 10–19, 43–48). However, no notice was ever mailed to BNYM or Nationstar, despite the fact that at the time RRFS mailed the notice of sale it was aware of BNYM's interest. (ECF No. 39-9 at 8–9). The lack of notice of the sale violated plaintiff's due process rights. *Bourne Valley*, 832 F.3d at 1158.

SFR argues in its motion for summary judgment that "the Bank cannot dispute notice because admitted [sic] that the only servicer of record received Notice of Sale [sic]." (ECF No. 43 at 11). SFR's motion cites to plaintiff's responses to requests for admissions. Plaintiff's response to request for admission number one states, in part,

> Subject to and without waiving any objections, [BNYM] admits its *former* loan servicer, [BOA], received a copy of [the HOA's] notice of delinquent assessment lien dated October 22, 2010 and notice of foreclosure sale dated April 11, 2013 prior to [the HOA's] foreclosure sale, *but denies* [that BOA] serviced the loan for [BNYM] at the time [of the notice of sale].[2]

(ECF No. 43-16 at 4) (emphasis added). Further, RRFS's records demonstrate that it knew BNYM possessed an interest in the deed of trust. (ECF No. 39-9 at 8–9). Plaintiff's response to the request for admissions, along with RRFS's records, make clear that the HOA did not mail notice to plaintiff or to its servicer of the property at the time of the notice of sale.

The HOA argues that the Nevada Supreme Court's recent decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970 (Nev. 2017), compels this court to hold that NRS 116's opt-in notice scheme does not violate the United States Constitution. (ECF No. 40). The "decision of [a state's highest court] construing the Constitution of the United States . . . is not binding upon federal courts." *Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989). However, a circuit court's holding on an issue of law is binding on courts within its federal

---

[2] This admission clearly does not substantiate the proposition plaintiff cites it to support.

districts. *Panetti v. Quarterman*, 551 U.S. 930, 961 (2007). Therefore, as the Ninth Circuit has reached a contrary decision as to the constitutionality of NRS 116.3116's opt-in notice scheme, the holding in *Saticoy Bay* does not impact the court's analysis of the federal Constitutional question presented here. *See id.*

The foregoing demonstrates that the HOA, through its trustee, did not provide plaintiff with notice of the foreclosure proceedings. And, as plaintiff notes, without notice of the foreclosure proceedings, the foreclosure sale violated plaintiff's right to due process. *See Bourne Valley*, 832 F.3d at 1157–58. The court will grant plaintiff's motion for summary judgment on its claim for quiet title and SFR's counterclaim for quiet title.[3]

In light of the court's holding, SFR's motion for partial summary judgment is moot.

**IV.  Conclusion**

The court holds that the foreclosure sale did not extinguish plaintiff's first deed of trust, which continues to encumber the property and is superior to defendants' interests.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BNYM's motion for summary judgment (ECF No. 39) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the HOA's motion for summary judgment (ECF No. 40) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion for partial summary judgment (ECF No. 41) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 43) be, and the same hereby is, DENIED.

. . .

. . .

. . .

---

[3] The court will not address plaintiff's second, third, and fourth claims, which appear to be pled in the alternative.

James C. Mahan
U.S. District Judge

- 8 -

IT IS FURTHER ORDERED that plaintiff shall prepare an appropriate judgment, consistent with this order, and submit it to the court for signature within thirty (30) days of the entry of this order.

DATED February 26, 2018.

_____
UNITED STATES DISTRICT JUDGE